SALISBURY COVE ASSOCIATES, INC., d/b/a Atlantic Brewing Company, Plaintiff

v.

INDCON DESIGN (1995), LTD., Northern Brew Systems, Darryl Gaudreau, Barrie Miller, Brad Miller, Laurence D.T. Johnson, and Milton, Johnson, Defendants

No. CIV. 01–211–B–C.

United States District Court, D. Maine.

Jan. 24, 2003.

Daniel A. Pileggi, Roy, Beardsley, Williams & Granger, LLC, Ellsworth, ME, for Salisbury Cove Associates Inc dba Atlantic Brewing Company, plaintiff.

John B. Lucy, Richardson, Whitman, Large & Badger, Bangor, ME, for Laurence DT Johnson, Milton Johnson, defendants.

## MEMORANDUM ON MOTION FOR DEFAULT JUDGMENT AND ASSESSMENT OF DAMAGES

GENE CARTER, Senior District Judge.

Before the Court for decision are Plaintiff's Motions for Default and Default Judgment against Defendants Indcon Design, Ltd., Northern Brew Systems, Darryl Gaudreau, and Barrie Miller (Docket Item No. 15) and Defendant Brad Miller (Docket Item No. 16). Defaults have been previously entered thereon. A hearing was held on damages on September 10, 2002. The subject Defendants did not file any proper response to the evidence taken out at the hearing, on the motion generally, and did not appear herein. Filings entered on November 1, 2002, have been stricken this date as not in compliance with Local Rule 7 and for lack of a proper appearance by the Defendants. Pursuant to Local Rule 7(b), the arguments on damages assessment set out in the hearing and in Plaintiff's memorandum on the motion are deemed to be admitted. Local Rule 7(b).

The Court has carefully reviewed the evidence on damages and **FINDS** that Plaintiff is entitled to recover the recoverable damages as computed hereinbelow as against Defendants Indcon Design, Ltd., Northern Brew Systems, and Darryl Gaudreau on Counts I–IV and against Defendants Indcon Design, Ltd., Barrie Miller, and Brad Miller on Counts V and VI of the Complaint.

The Court **FINDS** and assesses damages herein in a total amount of One Hundred Thirteen Thousand Forty–Five Dollars and Ninety–Six Cents ($113,045.96), made up of the following specific items of loss:

| | |
|---|---|
| (1) Repayment for purchase price of machinery in question | $ 71,570.56 |
| (2) The cost of modifications by outside vendors | 4,953.07 |
| (3) Modifications to machinery in question by Plaintiff's managers (70 hours @ $18.00 per hour) | 1,260.00 |
| (4) Lost net margin on production losses due to shut-downs of the plant (900 cases @ $11.00 per case net margin) | 9,900.00 |
| (5) Wage costs of head brewer and plant manager in attempting to accomplish operation of the machinery | 2,000.00 |
| (6) Owner's managerial time spent trying to obtain operation of the machinery | 4,000.00 |
| (7) Engineering costs in attempting to accomplish operation of the machinery | 4,169.33 |
| (8) Interest on Plaintiff's loan to finance the purchase and installation of the machinery | 15,193.00 |
| Total | $113,045.96 |

Plaintiff's claim of Twenty–Six Thousand Dollars ($26,000.00) for losses for its purchase of a used bottling machine, which operates on the old efficiencies, in order to get product out of the door and additional storage tank to allow for flow throughput was **WITHDRAWN** at the hearing. Plain-

tiff's other claims of recoverable damages are hereby **DENIED**.

Accordingly, it is hereby **ORDERED** that judgment by default enter jointly and severally herein in the amount of One Hundred Thirteen Thousand Forty–Five Dollars and Ninety–Six Cents ($113,-045.96) against Defendants Indcon Design, Ltd., Northern Brew Systems, and Darryl Gaudreau on Counts I–IV of the Complaint herein and against Defendants Indcon Design, Ltd., Barrie Miller, and Brad Miller on Counts IV and V of the Complaint, plus interests and costs.

So **ORDERED**.